PRISCILLA NARDO
16985 LOS CEDROS AV
FONTANA 92336

FILED
2023 OCT 20 PM 1:05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

IN THE UNITED STATES DISTRICT COURT
Central District of California

BRYAN HO )
   Plaintiff, )
    )
   v. )
    )
**PRISCILLA NARDO (PRO SE)** )   CIVIL ACTION FILE NO.
    )   ED CV 23 - 02158-SSS (SHKx)
    )   MCS
   Defendants. )
    )
    )
    )
    )

## NOTICE OF REMOVAL

COMES NOW **PRISCILLA NARDO (PRO SE)** ("Defendant"), and, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1443, 28 U.S.C. § 1446, 28 U.S.C. §1331, 28 U.S.C. § 1343, and 28 U.S.C § 1367, submit this Notice of Removal of this action from the Superior Court of California, County of San Bernardino, where it is now pending, to the United States District Court for the Central District of California. In support of this Notice of Removal, Defendants state as follows:

1. There have been, and continue to be, violations against the civil and constitutional rights of the Defendant in this cause, and which have not been duly protected.

Pg. 1 of 7

2. Accordingly, and commensurate with certain issues within these state proceedings also giving independent rise to federal subject-matter jurisdiction, this cause has now been removed to the United States District Court for the United States District Court for the Central District of California.

## BACKGROUND FACTS

1. On **September 7th, 2023,** Petitioner, BRYAN HO commenced a civil action against Defendants in the Civil Court of San Bernardino County, State of California, Civil Action File No. LLTVA2304981 (the "State Court Action"). In its Complaint, Plaintiff claimed that the defendant owes him 15,000,00.

2. Defendant claims the following violations of Federal Rules of Civil procedure: Jurisdiction, Due process, Rules of Evidence, Rules of Service of process.

3. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit "A" is all process, pleadings, and orders in the State Court Action.

4. Pursuant to 28 U.S.C. § 1446(b)(3), Defendant file this Notice of Removal timely after his receipt of a verified pleading from which it may first be ascertained that the case is one that has become removable.

## FEDERAL QUESTION JURISDICTION

5. Under 28 U.S.C. § 1331, "[t]he districts courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. Counterclaim of defendant seeks damages from alleged "racist and/or discriminatory" actions ascribed to the defendant related to their treatment of plaintiff.

7. Under 28 U.S.C. § 1343, the district courts shall have original jurisdiction over civil actions to redress the deprivation of equal rights and civil rights.

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Counterclaim.

9. Count 1 of the verified answer of the defendant alleges violations of the Fair Housing Act, 42 U.S.C. § 3604(B) and 42 U.S.C. § 3604(C), which is "law of the United States of America."

10. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Count 16.

11. Pursuant to 28 U.S.C. § 1367, in any civil action in which the district court has original jurisdiction based upon a federal question the district court has

supplemental jurisdiction over all other claims that are so related to the federal question claims such that "they form part of the same case or controversy."

12. All counts in counter claim arise out of Plaintiffs' tenancy at premises located at 16985 LOS CEDROS AVENUE, FONTANA, CA. 92336. Plaintiffs' "other claims" are so related to Plaintiffs' federal question claims that they form part of the same case or controversy. As such, this Court has supplemental jurisdiction over counterclaim pursuant to 28 U.S.C. § 1367.

13. Written notice of the filing of this Notice of Removal has been served on Plaintiffs' counsel.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of San Bernardino County, State of California.

Respectfully submitted this 19th Day of October, 2023.

/s/ PRISCILLA NARDO
16985 LOS CEDROS AVENUE,
FONTANA, CA. 92336

# IN THE UNITED STATES DISTRICT COURT
## Central District of California

BRYAN HO )
)
Plaintiff, )
)
v. )
) CIVIL ACTION FILE NO.
PRISCILLA NARDO )
)
Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on October 19th, 2023. I personally served a copy of the NOTICE OF REMOVAL to the Court Clerk at the Fontana, Superior Court of California, County of San Bernardino and mailed a copy to the Plaintiff to the address below via USPS.

/s/ PRISCILLA NARDO

BRYAN HO
c/o ANDERSON & LEBLANC APLC
1365 WEST FOOTHILL BOULEVARD, SUITE 2,
UPLAND, CA. 91786

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 298201 | FOR COURT USE ONLY |
|---|---|---|
| NAME: SCOTT C LEE - OF COUNSEL | | |
| FIRM NAME: ANDERSON & LEBLANC APLC | | FILED |
| STREET ADDRESS: 1365 WEST FOOTHILL BOULEVARD, SUITE 2 | | SUPERIOR COURT OF CALIFORNIA |
| CITY: UPLAND  STATE: CA  ZIP CODE: 91786 | | COUNTY OF SAN BERNARDINO |
| TELEPHONE NO: 909-949-2226  FAX NO: 909-985-7553 | | FONTANA DISTRICT |
| EMAIL ADDRESS: SLEE@ANDERSONLEBLANC.COM | | SEP 07 2023 |
| ATTORNEY FOR (name): BRYAN HO | | By: _____ Selina Flores, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS 17780 ARROW BOULEVARD
MAILING ADDRESS 17780 ARROW BOULEVARD
CITY AND ZIP CODE FONTANA, 92335
BRANCH NAME: FONTANA DISTRICT

PLAINTIFF: BRYAN HO
DEFENDANT: PRISCILLA NARDO
[X] DOES 1 TO 10

**COMPLAINT—UNLAWFUL DETAINER***
[X] COMPLAINT  [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: LLTVA2304981

**CASE ASSIGNED TO:** Fee Driessen

Jurisdiction (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded [X] does not exceed $10,000.
[ ] exceeds $10,000 but does not exceed $25,000.
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
   [ ] from unlawful detainer to general unlimited civil (possession not in issue).  [ ] from limited to unlimited.
   [ ] from unlawful detainer to general limited civil (possession not in issue).  [ ] from unlimited to limited.

1. PLAINTIFF (name each):
   BRYAN HO

   alleges causes of action against DEFENDANT (name each):
   PRISCILLA NARDO; and DOES 1 to 10

2. a. Plaintiff is (1) [X] an individual over the age of 18 years. (4) [ ] a partnership.
                    (2) [ ] a public agency.                              (5) [ ] a corporation.
                    (3) [ ] other (specify):
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
      16985 LOS CEDROS AVENUE; FONTANA, CA 92336
   b. The premises in 3a are (check one)
      (1) [X] within the city limits of (name of city): FONTANA
      (2) [ ] within the unincorporated area of (name of county):
   c. The premises in 3a were constructed in (approximate year):

4. Plaintiff's interest in the premises is [X] as owner [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

---

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

**EXHIBIT "A" Pg. 1**

|  |  |
|---|---|
| PLAINTIFF: BRYAN HO | CASE NUMBER: |
| DEFENDANT: PRISCILLA NARDO | LLTVA 2304981 |

UD-100

6. a. On or about (date): MARCH 27, 2023
   defendant (name each):
   PRISCILLA NARDO; and DOES 1 to 10

   (1) agreed to rent the premises as a [ ] month-to-month tenancy [x] other tenancy (specify): 1 YEAR
   (2) agreed to pay rent of $ 2,500.00   payable [x] monthly [ ] other (specify frequency).
   (3) agreed to pay rent on the [ ] first of the month [x] other day (specify): 6TH DAY OF EVERY MONTH

   b. This [x] written [ ] oral agreement was made with
   (1) [x] plaintiff.   (3) [ ] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent.   (4) [ ] Other (specify).

   c. [x] The defendants not named in item 6a are
   (1) [ ] subtenants
   (2) [ ] assignees.
   (3) [x] Other (specify): ALL UNKNOWN OCCUPANTS

   d. [ ] The agreement was later changed as follows (specify):

   e. [x] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

   f. [ ] (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents
   (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2))

7. The tenancy described in 6 (complete (a) or (b))
   a. [ ] is not subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify):
   b. [x] is subject to the Tenant Protection Act of 2019

8. (Complete only if item 7b is checked. Check all applicable boxes.)
   a. [x] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
      (1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
      (2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
         to (name each defendant and amount given to each):

   c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [x] Defendant (name each): PRISCILLA NARDO; and DOES 1 to 10; and All Unknown Occupants

   was served the following notice on the same date and in the same manner:
   (1) [x] 3-day notice to pay rent or quit        (5) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit                        (not applicable if item 7b checked)
   (3) [ ] 60-day notice to quit                    (6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) [ ] 3-day notice to quit                         Prior required notice to perform covenants served (date):
                                                    (7) [ ] Other (specify).

UD-100 [Rev. September 1, 2020]        COMPLAINT—UNLAWFUL DETAINER        Page 2 of 6

**EXHIBIT "A" Pg. 2**

UD-100

| PLAINTIFF: BRYAN HO | CASE NUMBER: |
| --- | --- |
| DEFENDANT: PRISCILLA NARDO | |

9. b. (1) On *(date):* SEPTEMBER 1, 2023   the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [x] The notice included an election of forfeiture.
   e. [x] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [x] The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) [x] By personally handing a copy to defendant on *(date):* AUGUST 29, 2023
    (2) [ ] By leaving a copy with *(name or description):*
        a person of suitable age and discretion, on *(date):*   at defendant's
        [ ] residence   [ ] business   AND mailing a copy to defendant at defendant's place of residence
        on *(date):*   because defendant cannot be found at defendant's residence or usual place of business.
    (3) [ ] By posting a copy on the premises on *(date):*
        [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
        on *(date):*
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [ ] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
  b. [ ] *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
  d. [x] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
12. [x] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $2,500.00
13. [x] The fair rental value of the premises is $83.33   per day.
14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*
15. [x] A written agreement between the parties provides for attorney fees.
16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

   Plaintiff has met all applicable requirements of the ordinances.

17. [ ] Other allegations are stated in Attachment 17.
18. Plaintiff accepts the jurisdictional limit, if any, of the court.

UD-100 [Rev. September 1, 2020]   COMPLAINT—UNLAWFUL DETAINER   Page 3 of 4

**EXHIBIT "A" Pg. 3**